# EXHIBIT A



Jeremy Gordon <jeremy@gordondefense.com>

## Request for Compassionate Release: Sijie Liu, Reg. No. 17258-059

**Talia Johnson-Watkins** <talia@gordondefense.com>                    Tue, Jan 18, 2022 at 4:39 PM
To: WAS-ExecAssistant@bop.gov
Cc: Jeremy Gordon <jeremy@gordondefense.com>, Edward Griffin <edward@gordondefense.com>

Good afternoon Sir/Ma'am:

I hope this email finds you well. Attached is the above inmate's request for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and BOP Program Statement 5050.50.

Should you have any questions or concerns, please contact the Firm.

Thank you and have a great day.


**Talia Johnson-Watkins**

**Legal Assistant**

P.O. BOX 2275

Mansfield, Texas 76063
Tel: 972-483-4865
Fax: 972-584-9230
E-mail:talia@gordondefense.com

www.GordonDefense.com

https://tinyurl.com/gordondefense

**NOTICE OF CONFIDENTIALITY**

ANY INFORMATION CONTAINED IN THIS COMMUNICATION - WHICH INCLUDES ANY INFORMATION AND/OR DOCUMENTS ATTACHED HERETO - MAY BE CONFIDENTIAL, PRIVILEGED, AND/OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. THIS COMMUNICATION IS ADDRESSED ONLY TO THE PERSON, PERSONS AND/OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, THE RECIPIENT'S EMPLOYEE, AGENT, OR OTHERWISE SOMEONE RESPONSIBLE FOR RECEIVING THIS MESSAGE ON BEHALF OF THE INTENDED RECIPIENT(S), THE DISCLOSURE, DISSEMINATION, COPYING, OR ANY OTHER USE OF THIS MESSAGE OR ITS SUBSTANCE IS EXPRESSLY FORBIDDEN.
ANY INFORMATION SENT OR RECEIVED FOR THE PURPOSE OF RENDERING OR OBTAINING LEGAL ADVICE OR IN CONNECTION THEREWITH IS INTENDED TO FALL UNDER THE PROTECTION OF THE ATTORNEY-CLIENT PRIVILEGE.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE DESTROY IT OR RETURN TO SENDER. ANY UNAUTHORIZED OR UNLAWFUL USE OF THIS COMMUNICATION FOR ANY REASON WHATSOEVER WILL BE PROSECUTED TO THE FULL EXTENT OF ANY AND ALL APPLICABLE LAWS.

**DISCLAIMER**

NEITHER TRANSMISSION NOR RECEIPT OF ELECTRONIC MESSAGES BY OR AT THIS EMAIL ADDRESS ESTABLISHES AN ATTORNEY-CLIENT RELATIONSHIP BETWEEN THE SENDER(S) AND RECIPIENT(S).

**Letter to Warden - SIJIE LIU.pdf**
147K

The Law Offices Of

# JEREMY GORDON P.L.L.C.

| | |
|---|---|
| P.O. Box 2275 | Tel: (972) 483-4865 |
| Mansfield, Texas 76063 | Fax: (972) 584-9230 |

Jeremy Gordon                                      Zachary Newland*
Admitted in TX                                     Admitted in TX and CO
jeremy@gordondefense.com                           zach@gordondefense.com

Via Certified Mail No. 7020 1810 0000 9745 5966
Return Receipt No. 9590 9402 6014 0069 1336 81
Via Fax to 507-837-4547 and email to WAS-ExecAssistant@bop.gov

May 17, 2022

Warden
FCI Waseca
Federal Correctional Institution
P.O. Box 1731
Waseca, Minnesota 56093

RE:   Inmate Sijie Liu, Register No. 17258-059
      Request for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) and BOP
      Program Statement 5050.50

Dear Warden:

I hope this letter finds you well and safe during these trying times. I am writing on behalf of my client, Sijie Liu, Reg. No. 17258-059. Ms. Sijie Liu is 38 years old and is currently serving a term of 72 months imprisonment as imposed by the United States District Court for the District of North Dakota in *United States v. Liu*, No. 3:19-cr-00042-PDW-1. Ms. Liu's current anticipated release date is April 13, 2024.

I am writing concerning Ms. Liu's significant efforts to obtain "compassionate release" pursuant to Bureau of Prisons ("BOP") Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g).

Under Program Statement 5050.50, at page 3 § 571.6b, "the Bureau of Prisons processes a request made by another person on behalf of an inmate in the same manner as inmate's request." Accordingly, this request on behalf of Ms. Liu may be appropriately considered by the Bureau of Prisons.

After reviewing the facts of Ms. Liu's circumstances, I believe she is a prime candidate for such release. I ask you and your staff to give full and sincere consideration to granting Ms. Liu's request for compassionate release.

As you are aware, § 603(b) of the First Step Act of 2018 amended Title 18, Section 3582(c)(1)(A) and the procedures for seeking compassionate release/reduction in sentence. Further, an inmate may seek a compassionate release/reduction in sentence based on numerous circumstances.

## Request Based on Extraordinary and Compelling Circumstances

18 U.S.C. § 3582(c)(1)(A)(1) allows for a compassionate release based on "extraordinary and compelling reasons." Since the enactment of the First Step Act of 2018, many district courts have noted that "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Bucci*, No. CR 04-10194-WGY, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1b1.13, which its commentary states:

1. Extraordinary and Compelling Reasons. -Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set for below:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is-

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. -The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (ii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstance. –

    (i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other reasons. -As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Most pertinent to Ms. Liu's case is the extremity of her familial circumstances. Ms. Liu's mother is in the last years of her life and suffers from various health complications. Prior to her incarceration, Ms. Liu served as a caregiver to her elderly mother. Ms. Liu also serves as her mother's interpreter and translator since her mother only speaks her native language of Mandarin, which is not a language widely spoken in Canada.

During her proceedings, Ms. Liu was told by a United States Attorney that if she were to request a Treaty Transfer Pursuant to BOP Program Statement 5140.42, the government would not oppose. However, sometime after her request was made, the government denied Ms. Liu's request to be transferred to Canada.

It is imperative that Ms. Liu returns to Canada to take care of her mother because she is the only family member who is physically capable of doing such. These factors alone, serve as extraordinary and compelling under the family circumstance section of U.S.S.G. § 1b1.13.

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) support granting Ms. Liu a reduction in sentence. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Supreme Court emphasized the vital nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post-incarceration conduct." *Id*. Since her incarceration, Ms. Liu has dedicated herself to proving her rehabilitation. She has taken wellness courses, become a GED tutor, rededicated herself to her religion, and taken cosmetology courses. These courses are noted in her Individualized Needs Plan[1].

---

[1]    *See* Reentry Plan, Exhibit A.

In addition, other considerations come to bear a decision to grant Ms. Liu a reduction. Compassionate Release deeply implicates fundamental human rights principles. A report by Attorney General Eric Holder in August 2013, noted that four months earlier [2], the Bureau of Prisons "expanded the medical criteria that will be considered for inmates seeking compassionate release." The Holder Report in August 2013 also announced, "revised criteria for other categories of inmates who are seeking reduced sentences." This included elderly inmates and certain inmates who are the only possible caregivers for their dependents. In both cases, under revised policy, BOP would generally consider inmates who did not commit violent crimes and have served significant portions of their sentences. The sentencing judge would ultimately decide whether to reduce the sentence[3].

I recognize that many individuals struggle to accept the idea of early release for convicted felons. But a criminal justice system that respects human rights does not only ensure accountability for those who commit crimes; it also ensures that sanctions are proportionate to the crime and furthers the goals of punishment. A just and proportionate prison sentence may be disproportionately severe in light of changed circumstances. This is clearly the case with Ms. Liu. While her initial sentence of five years may have seemed reasonable at the time of her sentence, continued imprisonment puts a serious strain on her family and keeps her from her duties as the primary and sole caregiver for her ill mother – consequences far beyond the scope of her crime and sentence.

Further, releasing Ms. Liu makes good fiscal sense to the Bureau. The DOJ has recently acknowledged that the ever-expanding federal prison population and the budget of nearly $6.2 billion that the BOP uses to keep federal prisoners locked up are unsustainable. According to the Department's inspector general, the growing and aging federal prison population consumes an ever-larger portion of the Department's budget, contributed to overcrowding and jeopardizes the safety and well-being of federal prisoners, and may force budget cuts to other DOJ components [4].

[2]       "*The Federal Bureau of Prisons' Compassionate Release Program*," reported by the U.S. Department of Justice Office of the Inspector General Evaluation and Inspection Division (document No. I-2013-006), April 2013.

[3]       "*Smart on Crime: Reforming the Criminal Justice System for the 21st Century*," U.S. Department of Justice report, August 2013.

[4]       "*Top Management and Performance Challenges in the Department of Justice – 2012*," Memorandum from Michael E. Horowitz, Inspector General, DOJ, to the Attorney General and the Deputy Attorney General, DOJ, November 7, 2012, www.justice.gov/oig/challenges/2012.htm. The memorandum also notes that the BOP portion of the DOJ budget exceeds 25 percent.

One of the most readily available, feasible, and sensible steps the BOP can make to reduce federal prison expenditures would be to ensure that compassionate release functions as Congress intended. Increasing the number of prisoners who are granted compassionate release would not only markedly reduce the total federal prison population but would free the BOP from unnecessary security costs on confining prisoners who pose a scant risk of harm.

On August 3, 2017, U.S. Senator Brian Schatz, along with 11 U.S. Senators, extended their concerns to Dr. Thomas R, Kane, then-Acting Director of Federal Bureau of Prisons, and then Deputy Attorney General J. Rod Rosenstein about the BOP's actions concerning compassionate release. One of the concerns raised is that "Congress gave the Commission the authority to determine the conditions by which an individual in federal prison could be released for 'extraordinary and compelling reasons.'"[5] In the letter, it was also noted that individuals "released under compassionate release have a 3.5% recidivism rate, the lowest rate among all of those formerly incarcerated."

Finally, Ms. Liu has a verifiable release plan that ensures her successful transition out of incarceration if she is granted a reduction. She has the love and support of her husband and parents, who will assist her in getting back on her feet. Upon release from prison, Ms. Liu will return to Canada and live with her husband. Ms. Liu will reside at 164 Park Valley Road, Winnipeg, Manitoba, Canada. Ms. Liu is educated and has also gained new skills while incarcerated, which will allow her to find work upon release. Ms. Liu's family has made it clear that she will have all of the resources she needs to make sure she can properly transition from incarceration back to a free society upon release.

Upon consideration of the relevant factors, I respectfully submit that Ms. Liu warrants § 3582 consideration and a reduction of sentence pursuant to BOP Program Statement 5050.50

Sincerely,

/s/ *Jeremy Gordon*
Jeremy B. Gordon

Encl. (1x)
JGB/tj
cc:   Ms. Sjie Liu, via U.S. Mail w/ encl.
      File

---

[5]      https://www.schatz.sentate.gov/download/compassionate-release-letter-2017

Jeremy Gordon PLLC
Telephone: (972) 483-4865                                     https://gordondefense.com

Warden FCI Waseca
Letter; January 18, 2022
Page 6 of 6

Remo

**Tracking Number:** 70201810000097455966

Your item was picked up at a postal facility at 9:28 am on January 24, 2022 in WASECA, MN 56093.

**USPS Tracking Plus® Available** ⌄

**Status**

 **Delivered, Individual Picked Up at Postal Facility**

January 24, 2022 at 9:28 am
WASECA, MN 56093

**Get Updates** ⌄



**RESPONSE TO INMATE REQUEST TO STAFF**
**LIU, Sijie**
**Reg. No. 17258-059**

Your attorney submitted a reduction in sentence (RIS) request on your behalf based to enable you
to care and translate for your elderly mother who resides in Canada.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of
the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling
reasons.   BOP Program Statement No. 5050.50, Compassionate Release/Reduction in
Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides
guidance on the types of circumstances that present extraordinary or compelling reasons, such
as the inmate's terminal medical condition; debilitated medical condition; status as a "new law"
elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death
or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the
inmate's spouse or registered partner.   Your request has been evaluated consistent with this
general guidance.

The RIS policy does not contain a provision for care of elderly parents.   Although your
incarceration has no doubt been difficult for your mother, it is not unlike the experience shared by
many other families of incarcerated women.

Therefore, your RIS request is denied.

If you are not satisfied with this response to your request, you may commence an appeal of this
decision via the administrative remedy process by submitting your concerns on the appropriate
form (BP-9) within 20 days of the receipt of this response.

_____                    _____

M. Starr, Warden                                                       Date